VARNUM SHELDON v. THE NEW ORLEANS CANAL and BANKING COMPANY.

Where a company incorporated for the purpose of constructing a canal, are bound by their charter to keep the canal in good order, they are necessarily invested with the discretionary powers essential to the police and proper regulation of the canal and its navigation; and where the latter is impeded, or the canal injured by the use of steamers, they may be excluded. But the discretion vested in the company is not an arbitrary one; it must be exercised with proper regard to the rights of individuals, or the company will be liable in damages.

APPEAL from the District Court of the First District, *Buchanan,* J.

*Roselius,* for the plaintiff.

*F. B. Conrad,* for the appellants.

BULLARD, J. The plaintiff sues for damages for having been unjustly, and illegally prevented from navigating the new canal with his steamboat, called the Geneva, by forcibly stopping her while ascending the canal, by means of *cordelling,* and not with steam, in conformity to the regulations of the company.

The defendants place their defence upon the ground, that certain persons have, at sundry times, attempted to navigate their

canal with vessels of a description and dimensions which render them unfit for that navigation, without great detriment to the defendants, damage to the canal, and inconvenience to the public. They deny that they have ever prevented any vessel from navigating the canal, which was calculated therefor, and they aver that, if a steamboat belonging to the plaintiff, has been so prevented, it was because she was too large, or was in other respects unfit for said navigation.

The cause was submitted to a jury, who gave a verdict in favor of the plaintiff for $1000 damages, and the defendants appealed.

The judge charged the jury that, the defendants being required by the legislature to construct and keep the canal in good order from the lake to the city, it is by law their duty to see that its navigation is not impeded by any injury done to, or by the caving in of its banks, or otherwise ; that, in order to do this, the company is necessarily invested, by law, with the discretionary power necessary to the police and proper regulation of the canal and its navigation ; that, if they ascertained that the navigation was impeded, or the canal injured, and its banks broken down by the use of steamboats, they had a right to prevent the plaintiff from navigating the canal with his steam-vessel; that this discretion is not to be regarded as an arbitrary one, but one which, if questioned, should be shown to have been exercised with a proper regard to the rights of individuals, according to the circumstances of the case, of which the jury are the judges.

Neither party excepted to this charge, which, indeed, appears to us to have stated very fairly, the rights and duties of the defendants. The question was, therefore, left to the jury, upon the evidence, whether the plaintiff had acted in contravention of any regulation established by the defendants.

It is not shown, that the size of the plaintiff's vessel is such as to render it unsuitable for the navigation of the canal; nor was any objection made to it, on that account. The only question then, for the jury to solve, was, whether the plaintiff had attempted to navigate the canal, by steam, after being forbidden to do so. Upon this point the evidence is discordant, if not contradictory. It was for the jury to compare and to weigh

the evidence, and pronounce according to their consciences. They could appreciate, better than we can, the credibility of witnesses examined before them. They pronounced in favor of the plaintiff, and we are not able to say that their verdict was so clearly erroneous as to require our interference.

*Judgment affirmed.*